IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH HEINZL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC.,<br><br>    Defendant. | Case No.<br><br><br><br>Filed Electronically |

## CLASS ACTION COMPLAINT

COMES NOW, Sarah Heinzl, ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

## INTRODUCTION

1. Plaintiff Sarah Heinzl brings this action individually and on behalf of all others similarly situated against Cracker Barrel Old Country Store, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned and managed by Defendant ("Defendant's facilities").

2. Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused her to be dependent upon a wheelchair for mobility.

3. Plaintiff has patronized Defendant's facilities in the past, and intends to continue to patronize Defendant's facilities. However, unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be denied full access to Defendant's facilities as described, and will be deterred from fully using Defendant's facilities.

4.      Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA.  Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

5.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

6.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

7.      Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

8.      Defendant is required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1992, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

9. Defendant owns, operates, controls and/or leases places of public accommodation.

10. Defendant's facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

11. While Defendant has centralized management policies regarding the design, construction and maintenance of its facilities, those policies are inadequate, and Defendant's facilities continue to be inaccessible to, and not independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

13. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

14. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

15. Plaintiff, Sarah Heinzl, is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. As described above, as a result of her disability, Plaintiff relies

upon a wheelchair for mobility.  She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

16. Defendant Cracker Barrel Old Country Store, Inc. is a Tennessee corporation with a principal place of business at 305 Hartmann Drive, Lebanon, Tennessee 37087-4779.

17. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

## **VIOLATIONS AT ISSUE**

18. Plaintiff has visited Defendant's retail property located at 200 Davis Boulevard, Pittsburgh, PA. During those visits she has experienced unnecessary difficulty and risk due to excessive slopes within purportedly accessible parking spaces and access aisles.

19. On Plaintiff's behalf, investigators examined multiple retail locations owned by Defendant, and found the following violations:

   a) 200 Davis Boulevard, Pittsburgh, PA

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 1:48 (*i.e.,* 2.1%);

      ii. The surfaces of one or more access aisles had slopes exceeding 1:48 (*i.e.,* 2.1%); and

      iii. A grate in the surface had openings that would allow the passage of a 1/2 inch sphere.

   b) 1008 Trinity Circle, Washington, PA

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 1:48 (*i.e.,* 2.1%);

4

      ii. The surfaces of one or more access aisles had slopes exceeding 1:48 (*i.e.,* 2.1%); and

      iii. A curb ramp located on the route to the building entrance had a running slope exceeding 1:12 (*i.e.,* 8.3%).

c) 154 West Pennsylvania Avenue, New Stanton, PA

      i. No spaces were designated as "van accessible".

d) 2000 University Town Centre Drive, Granville, WV

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 1:48 (*i.e.,* 2.1%);

      ii. The surfaces of one or more access aisles had slopes exceeding 1:48 (*i.e.,* 2.1%); and

      iii. No spaces were designated as "van accessible".

e) 127 Fort Henry Road, Triadelphia, WV

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 1:48 (*i.e.,* 2.1%);

      ii. The surfaces of one or more access aisles had slopes exceeding 1:48 (*i.e.,* 2.1%); and

      iii. A portion of the route to the building entrance had a cross slope exceeding 1:48 (*i.e.,* 2.1%).

f) 67781 Mall Road, Saint Clairsville, OH

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 1:48 (*i.e.,* 2.1%); and

      ii.     Portions of two routes to the building entrance had running slopes exceeding 1:20 (*i.e.,* 5.0%).

  g) 2329 Southgate Parkway, Cambridge, OH

      i.     The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 1:48 (*i.e.,* 2.1%);

      ii.     The surfaces of one or more access aisles had slopes exceeding 1:48 (*i.e.,* 2.1%);

      iii.    No spaces were designated as "van accessible"; and

      iv.    No purportedly accessible spaces were marked with required signs.

20. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and use Defendant's facilities has been significantly impeded.

21. Though Defendant has centralized policies regarding the management and operation of its facilities, Defendant has never had a plan or policy that is reasonably calculated to make its facilities fully accessible to, and independently usable by individuals with mobility disabilities.

22. As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

23. Plaintiff regularly shops in the Robinson area, and she intends to return to Defendant's facilities to dine and to ascertain whether those facilities remain in violation of the ADA. However, so long as the numerous architectural barriers at Defendant's facilities continue to exist, Plaintiff will be deterred from returning to Defendant's facilities.

24.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of her rights under the ADA.

## CLASS ALLEGATIONS

25.     Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendant's facilities.

26.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

27.     Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

28.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

29.     Adequacy of Representation:  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

30. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

31. The allegations contained in the previous paragraphs are incorporated by reference.

32. Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

33. Defendant's facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs.  42 U.S.C.§ 12183(a)(1).

34. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

35. The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

36. Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406;  28 C.F.R., pt. 36, app. A.

37. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

38.     Defendant has failed, and continues to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

39.     Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

40.     Defendant's conduct is ongoing, and Plaintiff has been harmed by Defendant's conduct.

41.     Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.     A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance  with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.     An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing her counsel as class counsel;

d.     Payment of costs of suit;

    e.        Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

    f.        The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: October 27, 2014                                                    Respectfully Submitted,

                                                                                */s/ R. Bruce Carlson*
                                                                                R. Bruce Carlson (PA56657)
                                                                                bcarlson@carlsonlynch.com
                                                                                Benjamin J. Sweet (PA87338)
                                                                                bsweet@carlsonlynch.com
                                                                                Stephanie Goldin (PA202865)
                                                                                sgoldin@carlsonlynch.com
                                                                                CARLSON LYNCH SWEET & KILPELA LLP
                                                                                PNC Park
                                                                                115 Federal Street, Suite 210
                                                                                Pittsburgh, PA 15212
                                                                                www.carlsonlynch.com
                                                                                (p)  412 322-9243
                                                                                (f)   412 231-0246