IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARAH HEINZL,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

CRACKER BARREL OLD COUNTRY STORE,
INC.,

    Defendant.
_____/

Case No. 2:14-cv-01455-RCM

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves to dismiss Sarah Heinzl's Class Action Complaint (Dkt 1) ("Complaint") because she lacks standing to pursue her Title III Americans with Disability Act ("ADA") claims against six of the seven restaurants identified in her Complaint, because she herself never visited six of those places and, as they fall outside of her zone of travel, she will not likely visit them in future. Because she alleged no injury-in-fact, this Court lacks subject matter jurisdiction to grant her the relief she seeks. Filed herewith is Defendant's brief in support.

Claiming to bring this action "individually and on behalf of all others similarly situated," Compl. ¶ 1, Plaintiff seeks injunctive relief with respect to certain parking lot barriers that she asserts to exist at seven Cracker Barrel restaurant locations and that she alleges violate the ADA. But as to six of the seven locations she identifies in her Complaint, she has failed sufficiently to allege a *past* injury, nor has she sufficiently alleged an imminent *future* injury. According to her allegations (i) she has not personally visited six of the seven restaurants she identifies; (ii) those

six restaurants fall outside the zone of frequent travel she identifies in her Complaint; and (iii) she has failed to allege (nor can she) that she is on *actual* notice that the Defendant intends not to comply with the ADA which might render any future visits futile. Lacking both past and future injury as to those locations, Plaintiff has not established an injury-in-fact and lacks standing to seek injunctive relief as to those locations. Absent a present case or controversy as to each of those places, the Court lacks subject matter jurisdiction to grant the injunctive relief Plaintiff seeks.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing the allegations in Plaintiff's Complaint against the Defendant Restaurant contained at Paragraphs 19(b) through 19(g) with prejudice, for lack of standing and granting her leave to amend her complaint to include only those allegations related to the single location she visited at Pittsburgh identified in Paragraph 19(a). Consistent with the Local Rules of the United States District Court for the Western District of Pennsylvania, a proposed order is attached and a separate brief in support will follow.

Respectfully submitted,

s/ Laura L. Mall
Laura L. Mall
Florida Bar No. 0160120
lmall@fordharrison.com
 s/ Todd S. Aidman
Todd S. Aidman
Florida Bar No. 173029
taidman@fordharrison.com
FORD & HARRISON LLP
1450 Centrepark Blvd., Suite 325
West Palm Beach, FL  33401
Telephone:  (561) 345-7504
Facsimile:  (561) 345-7501

Attorneys for Defendant

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on December 1, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing by e-mail to Plaintiff's counsel R. Bruce Carlson, Benjamin Sweet and Stephanie Goldin with Carlson Lynch, Ltd., 115 Federal Plaza, Suite 210, Pittsburgh, PA 15212.

                                                     s/ Laura L. Mall
                                                     Attorney