IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARAH HEINZL,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

CRACKER BARREL OLD COUNTRY STORE,
INC.,

    Defendant.

                                              /

Case No. 2:14-cv-01455-RCM

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" or "Defendant"), by and through its undersigned counsel, pursuant to Local Rule 5.1(F), files the following brief in support of its motion to dismiss Sarah Heinzl's Complaint for lack of standing.

### I.    STATEMENT OF FACTS

Taking her Complaint allegations as true:[1] Plaintiff lives somewhere in the Commonwealth of Pennsylvania. Compl. ¶ 15. She is confined to a wheelchair, thus "disabled" as defined by the ADA. *Id.*, ¶¶ 2, 15. She asserts ADA Title III public accommodation claims against seven Cracker Barrel stores in three states (Pennsylvania, West Virginia and Ohio), alleging varying parking lot barriers at each location. *Id.*, ¶ 19(a)-(g). But she admits she has personally visited only one of them, at 200 Davis Boulevard, Pittsburgh, PA. *Id.*, ¶¶ 18, 19(a). Plaintiff "regularly shops in the Robinson area, and she intends to return to Defendant's facilities to dine and to

---

[1] In assessing a Rule 12(b)(6) motion to dismiss, the court accepts as true the allegations of the complaint. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

ascertain whether those facilities remain in violation of the ADA."[2] *Id.*, ¶ 23. She hired "investigators"—whom she does *not* allege are disabled putative class members—to visit the remaining stores on her behalf. *Id.*, ¶ 19.

The stores Plaintiff has *not* visited are in Washington, PA, *id.*, ¶ 19b; New Stanton, PA, *id.*, ¶ 19c; Granville, WV, *id.*, ¶ 19d; Triadelphia, WV, *id.*, ¶ 19e; Saint Clairsville, OH, *id.*, ¶ 19f; and Cambridge, OH, *id.*, ¶ 19g. She avers that at some unspecified future time she "intends" to visit all the stores she names in her complaint and states she will be deterred from doing so "so long as the numerous architectural barriers at Defendant's facilities continue to exist." *Id.*, ¶ 23. The parking barriers Plaintiff avers she encountered at the single Pittsburgh store she visited differ from those her investigators encountered at the other six stores she has never seen.[3] Similarly, the locations outside of Pittsburgh are alleged to have barriers the Pittsburgh store is not alleged to have.[4]

## II.   LEGAL STANDARDS GOVERNING ADA STANDING

Plaintiff has the burden of establishing standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), which she cannot meet here.  Absent standing, without which the court lacks subject matter jurisdiction, "the court does not possess the power to decide the case, and any disposition it renders is a nullity." *Byrd v. Aaron's, Inc.*, 14 F. Supp. 3d 667, 679 (W.D. Pa. 2014), citing *Int'l Ass'n of Machinists & Aerospace Workers v. NW. Airlines*, 673 F.2d 700, 711

---

[2] According to MapQuest, the Cracker Barrel store in Pittsburgh that Plaintiff visited is located within three miles of the "Robinson area" she frequents.
[3] *Compare* Compl. ¶ 19(a) to ¶¶ 19(b)-(g) (*i.e.*, ¶19(a) alleges barriers in the slope of the handicapped parking spaces whereas the locations at ¶¶19(b), (c), (d), (e), (f) and (g) allege no slope deficiency.
[4] These include curb ramps (¶19(b)(iii)); cross-slopes (¶19(e)(iii)); lack of van accessible designations (¶19(c)(i), (d)(iii) and (g)(iii)); and insufficient signage (¶19(g)(iv).

(3d Cir.1982). For that reason a complaint should be dismissed where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Standing requirements are applied "rigorously." *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc*., 454 U.S. 464, 475-76 (1982). The party invoking federal jurisdiction bears the burden of establishing standing "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At the pleading stage, **the complaint must contain particularized allegations of fact supporting plaintiff's standing to sue**. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a formulaic recitation of the elements of a cause of action will not do"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

"In order to set forth a viable claim in federal court, a plaintiff is required to satisfy both the Article III constitutional minimum of a 'case or controversy' and any prudential considerations set by the courts." *Anderson v. Macy's, Inc.*, 943 F.Supp.2d 531, 538 (W.D. Pa. 2013). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envir'tal Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). *See also Doe v. Nat'l Bd. of Med. Exam'rs*, 210 F. App'x 157, 159 (3d Cir. 2006).

Parties who purport to represent others face special challenges when it comes to their burden of proving standing. "Standing [] encompasses a prudential component whereby courts

decline to exercise jurisdiction over litigants attempting to assert the rights of another, claiming generalized grievances more appropriately addressed in the representative branches, or **where a litigant's complaint falls without the zone of interests protected by the law invoked**." *Dempsey v. Pistol Pete's Beef N Beer*, LLC, No. 08–5454, 2009 WL 3584597, at *4 (D.N.J. Oct. 26, 2009) (emphasis added) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

Because the remedy for a private ADA Title III violation is injunctive relief, courts must also consider whether the plaintiff suffers the possibility of future harm such that court action will be meaningful. Thus plaintiffs who seek prospective injunctive relief "must demonstrate a 'real and immediate threat' of injury in order to satisfy the 'injury in fact' requirement." *Access 4 All, Inc. v. Absecon Hospitality Corp.*, No. 04-6060, 2006 WL 3109966, at *5 (D.N.J. Oct. 30, 2006) (quoting *City of L.A. v. Lyons*, 461 U.S. 95 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *see also Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir.1987) (same).

Finally, the existence of standing is determined as of the date suit is filed and may not be established belatedly. *See Lujan*, 504 U.S. at 569 n.4.

### III.    LEGAL ARGUMENT

A.    <u>Plaintiff Lacks Standing to Raise Claims Against Locations She Has Not Visited.</u>

Plaintiff alleges generally that she has "patronized Defendant's facilities in the past, and intends to continue to patronize Defendant's facilities" Compl. ¶ 3. In her more specific allegations, however, she states she has personally visited only the single Pittsburgh location (*id.*, ¶ 18), and that "[o]n Plaintiff's behalf, *investigators* examined multiple retail locations owned by Defendant" and found violations she herself did not encounter. *Id.*, ¶ 19 (emphasis added).

To have standing, Plaintiff must allege sufficient facts to establish an ADA injury as to *each* of the properties identified in her Complaint—, *i.e.*, not only as to the single Pittsburgh restaurant but also as to the remaining six properties she has not seen. Courts often recognize the right of disabled persons to take it upon themselves to police the country for ADA violations and file lawsuits to eradicate them, giving disabled "testers" who themselves visit places of public accommodation standing to sue, since the motive which inspired a tester to visit the place of accommodation is not relevant to the standing inquiry. But an "investigator" who is *not* disabled may not visit a place of public accommodation on behalf of someone else who is disabled and, by virtue of that visit, somehow impart standing to the disabled party. Bestowing standing status on proxies turns Article III on its head. Further, because belated efforts to bolster standing are futile, Plaintiff cannot cure her lack of standing by visiting these restaurant locations at any time after the Complaint.

Plaintiff's claims should therefore be dismissed with prejudice.[5]

**B.        Plaintiff Lacks Standing to Raise Claims As to Locations She Is Unlikely to Visit.**

As shown, Plaintiff has not alleged a *past* injury necessary to maintain standing as to the six locations she has not personally visited. She has also failed to plead facts sufficient to show she will suffer a *future* injury. Plaintiff must show an injury-in-fact, causation, and *redressability*. *Lujan*, 504 U.S. at 560 (emphasis added). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *see also Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir.1987) (same). Again, "to satisfy Article

---

[5] If the Court grants Plaintiff leave to amend her Complaint so as to plead the *only* allegation to which she has established standing, the one at ¶¶ 18 and 19(a), Defendant will then answer the amended complaint consistent with its obligations under Rule 15(a)(3), or, if the motion is denied, with its obligations under Rule 12(a)(4).

III's standing requirements, a plaintiff must show (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized *and* (b) actual or imminent, not conjectural or hypothetical. *Friends of the Earth*, 528 U.S. at 180-81 (emphasis added).

Plaintiff alleges that she frequently shops in the Robinson area. Compl. ¶ 23. The only Cracker Barrel restaurant she has personally visited is, according to any map of which this Court may take judicial notice,[6] close by, approximately three miles from the Robinson area that Plaintiff frequents. She makes no allegation that she frequents or intends to travel to any other area or location within proximity of the other six locations. The six restaurant locations she states she will visit sometime in the future are located from 26.14 to 102.57 miles away from the Robinson area, and several are located across state lines.[7] Plaintiff's bald allegation that she intends to visit these six stores someday does not suffice to "demonstrate a 'real and immediate threat' of injury in order to satisfy the 'injury in fact' requirement." *Access 4 All, Inc.*, 2006 WL 3109966, at *5 (quoting *City of L.A. v. Lyons*, 461 U.S. 95 (1983)). A plaintiff's intent to return to defendant's restaurant "'some day' . . . without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the" requisite actual or imminent injury. *Lujan*, 504 U.S. at 564.

To better assess whether the threat of injury is concrete and particularized and not just conjectural or hypothetical, and in particular to determine the likelihood that a plaintiff will *in*

---

[6] Because this Court must be satisfied at all times that it has the power to hear the case, it may consider evidence outside the pleadings to resolve factual issues bearing on jurisdiction. *Arrington v. Colortyme, Inc.*, 972 F. Supp. 2d 733, 739 (W.D. Pa. 2013), citing, *inter alia*, *Gould Electronics Inc. v. U.S.*, 220 F.3d at 169, 176 (3d Cir. 2000).

[7] Using MapQuest, Defendant determined that the closest of the six locations at issue to the Robinson area is the ¶ 19(b) Washington, PA, store, at **26.14** miles; the ¶ 19(c) New Stanton, PA store is located **44.95** miles away; the ¶ 19(d) Granville, WV store is **71.31** miles away; the ¶ 19(e) Tridelphia, WV store is **46.77** miles away; the ¶ 19(f) Saint Clairsville, OH store is **63.30** miles away; and the ¶ 19(g) Cambridge, OH store is **102.57** miles away.

*future* visit a place where an alleged ADA violation exists, courts sometimes apply a four factor test: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiffs past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Anderson*, 943 F. Supp. 2d at 539, citing *Harty v. Burlington Coat Factory of Pa.*, L.L.C., No. 11–01923, 2011 WL 2415169, at *4 (E.D. Pa. June 16, 2011).

Application of the four-factor test here reinforces the conclusion that the Plaintiff's intent to visit the other six stores falls far short of the Supreme Court's requirement that her allegation be "concrete or particularized."

In terms of proximity, the first factor in the four-factor test, Plaintiff's allegation fails because, as in *Anderson*, 943 F. Supp. 2d at 539, it is highly unlikely she will go to a place 20 miles away, let alone 100 miles away, when there is one within three miles of her zone of frequent travel. *Id.*, citing *Reviello v. Phila. Fed. Credit Union*, No. 12–508, 2012 WL 2196320, at *4 (E.D. Pa. June 14, 2012) (proximity not established when plaintiff lived over 50 miles from complained-of public accommodation when another was located within three miles of his house).

Under the second factor, the fact she has not visited any of these other stores in the past further attests to the implausibility that she will do so in the future. When a plaintiff visits a public accommodation "only once, the lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location." *Anderson*, 943 F. Supp. 2d at 540, quoting *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005). Here, it was more convenient to hire "investigators" to visit these places than for Plaintiff to go herself, even once.

As for the third factor, Plaintiff has made no allegations whatsoever to support the "definiteness" of her plans to return.

Finally, as to the fourth factor, Plaintiff has not alleged she ever travels near any of the six locations.

Thus Plaintiff's standing is limited to the Pittsburgh location and her allegations as to the others must be dismissed.

The doctrine of futility is a second method of showing injury-in-fact which focuses on whether the non-compliant public accommodation actually deters a disabled plaintiff from visiting or making use of the non-compliant accommodation. This tracks the ADA itself:

> Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

42 U.S.C. § 12188(a)(2). Some courts have granted standing based upon this provision without addressing its second clause—the clause requiring the plaintiff to have *actual notice* that the defendant does not intend to comply with the ADA's provisions. *See e.g.*, *Klaus v. Jonestown Bank & Trust Co. of Jonestown, PA*, No. 1:12-CV-2488, 2013 WL 4079946, at *1 (M.D. Pa. Aug. 13, 2013) (failing to address issue of actual notice which was not pled in the Complaint nor argued in the parties' briefs).[8] *Actual* notice is required—as opposed to *implied* notice, which prevents courts from inferring intent not to comply from the allegations of past non-compliance—and Plaintiff in this case has made no allegation that she has received such notice.[9] Since standing is determined at the time of the Complaint, unless she can allege that, at the time she filed her Complaint, she had actual notice of Defendant's intent *not* to comply, which she

---

[8] It is important to note that Klaus had alleged a zone of travel that encompassed the ATM's at issue in that case and that Plaintiff alleged standing under the more conventional means of showing a concrete and particularized intent to return. The *Jonestown Bank* court found that plaintiff alleged facts sufficient to establish standing under the intent to return method, so its discussion related to the deterrent method of establishing standing is mere dicta.

[9] Moreover, Defendant *does* intend to comply with the ADA provisions and correct any barriers alleged, to the extent they exist. Plaintiff is thus on *actual* notice of Defendant's intent to comply.

cannot, she is incapable of amending her complaint to cure her lack of standing as to those six restaurants she has never visited and which she failed to show with the requisite particularity that she ever intends to visit in future.

## C.     Plaintiff's Class Allegations Do Not Give Her Standing.

"Class representatives do not gain standing through injuries to class members." *Byrd v. Aaron's, Inc.*, 14 F. Supp. 3d 667, (W.D. Pa. 2014). Furthermore, "the fact that a suit is filed as a proposed class action does not change the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent'" *Byrd* at *9; *see also In re McNeil Consumer Healthcare*, 877 F. Supp. 2d 254, 273 (E.D. Pa. 2012) (dismissing claims in putative class action where no named plaintiff suffered the claimed injury, notwithstanding allegations that absent class members did).

Some courts have held that a plaintiff bringing class claims based on a common discriminatory policy or practice need not personally encounter all of the challenged barriers. Under this theory, which the Third Circuit has not adopted, when discrimination arises from a single, common policy, the injury is not a specific barrier at a particular site but instead a discriminatory policy or design decision. For example, in *Clark v. Burger King*, 255 F. Supp. 2d 334 (D.N.J. 2003), the plaintiff lacked standing as to the places he had not visited absent any allegation that there existed "a particular commonality of construction" or "a corporate policy violative of the ADA." *See also Vondersaar v. Starbucks Corp.*, No. CV 12-05027, 2013 WL 4537341 (C.D. Cal. Aug. 26, 2013) (plaintiff failed to adequately allege a standard, common, noncompliant ADA policy requiring a certain counter height that applied to all stores; dismissing claims against those locations built after 2005 when the violative policy was discontinued); *Colo. Cross-*

9

*Disability Coalition v. Abercrombie & Fitch Co.*, No. 09-cv-02757, 2011 WL 1930643, at *4 (D. Colo. 2011), as amended, (June 2, 2011) (holding plaintiffs had standing to seek a national injunction since they claimed defendant's stores "share a uniform architectural design that violates the ADA's accessibility requirements"). Here, Plaintiff makes no allegation that Defendant employs such a policy.[10] This is not surprising. Architectural policies generally exist to insure the repetition of common design elements to maintain a brand's particular trade dress, so it is implausible that such a policy would exist to perpetuate the grade or slope of a parking lot. Absent allegations that a common, noncompliant ADA policy exists, Plaintiff must have visited each location herself to establish standing.[11]

### IV.    CONCLUSION

Plaintiff has alleged facts which defeat her ability to establish an injury-in-fact as to six of the seven restaurants identified in her Complaint. She has not personally visited those restaurants in the past and, because standing must be established at the outset of the Complaint, she cannot do so now by making a journey now to each of the establishments. On that element of injury alone, her allegations as to those six locations must be dismissed with prejudice. Additionally, Plaintiff has failed to identify definite plans to visit these six locations. Absent an imminent future injury capable of redress by a favorable decision, her claims as to those six locations must be dismissed.

---

[10] In fact, Plaintiff affirmatively alleges that no such policy exists. "Though Defendant has centralized policies regarding the management and operation of its facilities, Defendant has never had a plan or policy that is reasonably calculated to make its facilities fully accessible to, and independently usable by, individuals with mobility disabilities." Compl. ¶ 21.

[11] "Even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement…the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 207 (D.N.J. 2003), *citing Warth v. Seldin,* 422 U.S. 490, 499-500 (1975).

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's allegations at Paragraphs 19(b) through 19(g), with prejudice, for lack of standing.

Respectfully submitted,

s/ Laura L. Mall
Laura L. Mall
Florida Bar No. 0160120
lmall@fordharrison.com

s/ Todd S. Aidman
Todd S. Aidman
Florida Bar No. 173029
taidman@fordharrison.com
FORD & HARRISON LLP
1450 Centrepark Blvd., Suite 325
West Palm Beach, FL  33401
Telephone:  (561) 345-7504
Facsimile:  (561) 345-7501

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing by e-mail to Plaintiff's counsel R. Bruce Carlson, Benjamin Sweet and Stephanie Goldin with Carlson Lynch, Ltd., 115 Federal Plaza, Suite 210, Pittsburgh, PA 15212.

s/ Laura L. Mall
Attorney
