IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH HEINZL, individually and on behalf of all others similarly situated, )<br>Plaintiff, )<br>)<br>vs )<br>)<br>CRACKER BARREL OLD COUNTRY STORES, )<br>INC., )<br>Defendant. ) | Civil Action No. 14-1455<br>Judge Hornak<br>Magistrate Judge Mitchell |

I. Recommendation

It is respectfully recommended that the motion to dismiss filed on behalf of the defendant (ECF No. 10) be denied.

II. Report

Plaintiff, Sarah Heinzl, brings this action individually and on behalf of all others similarly situated against Defendant, Cracker Barrel Old County Stores, Inc. ("Cracker Barrel"), alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (ADA). Specifically, she alleges that the facilities at Cracker Barrel are not fully accessible to and independently usable by individuals who use wheelchairs for mobility, as she does, because of various barriers in the parking lot and along the route to the building entrance.

Presently before the Court is Defendant's motion to dismiss the Complaint on the ground that she lacks standing to bring this action because she has not visited and has no plans to visit six of the seven locations cited in the Complaint. For the reasons that follow, the motion should be denied.

Facts

Plaintiff states that she is a resident of the Commonwealth of Pennsylvania who has a mobility disability and is limited in the major life activity of walking, causing her to be

dependent upon a wheelchair for mobility. (Compl. ¶¶ 2, 15.)[1] She has visited Defendant's property located at 200 Davis Boulevard in Pittsburgh, Pennsylvania (the "Subject Property"). During these visits, she has experienced unnecessary difficulty and risk due to excessive slopes in a purportedly accessible parking space and access aisles. (Compl. ¶¶ 18, 24.)

She also indicates that, on her behalf, investigators examined this location and six other retail Cracker Barrel locations in Pennsylvania, West Virginia and Ohio and found the following violations: 1) the surfaces of one or more access aisles and one or more purportedly accessible parking spaces had slopes exceeding 1:48 (i.e., 2.1%); 2) a grate in the surface had openings that would allow the passage of a ½ inch sphere; 3) a curb ramp located on the route to the building entrance had a running slope exceeding 1:12 (i.e., 8.3%); 4) no spaces were designated as "van accessible"; 5) a portion of the route to the building entrance had a cross slope exceeding 1:48 (i.e., 2.1%); 6) portions of two routes to the building entrance had running slopes exceeding 1:20 (i.e., 5.0%); and 7) no purportedly accessible spaces were marked with required signs. (Compl. ¶ 19.)[2]

Plaintiff indicates that she regularly shops in the Robinson area near the Subject Property and that she intends to return to dine and to ascertain whether the facility remains in violation of the ADA, but that numerous architectural barriers deter her from doing so. (Compl. ¶ 23.)

Procedural History

Plaintiff filed this action on October 27, 2014. Federal question jurisdiction is based on the ADA claim, 28 U.S.C. § 1331; 42 U.S.C. § 12188(a). She alleges that the cited violations constitute "a failure to remove architectural barriers" in violation of 42 U.S.C.

---

[1] ECF No. 1.
[2] Defendant contends that the parking lot barriers Plaintiff encountered at the Subject Property differ from those at the other locations she has not visited, but the slopes of the parking spaces and access aisles are also alleged to be excessive at five of the six locations.

§ 12182(b)(2)(A)(iv) and a failure to alter, design or construct accessible facilities after the effective date of the ADA in violation of § 12183(a)(1) and the appropriate regulations, which will deter her and similarly situated individuals from returning to Defendant's facilities and that, without injunctive relief, she will be unable to fully access Defendant's facilities in violation of her rights under the ADA. (Compl. ¶¶ 34-41.)

She also brings this action on behalf of all others similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. (Compl. ¶¶ 25-30.) See seeks a declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA and its implementing regulations, a permanent injunction directing Defendant to take all steps necessary to remove the architectural barriers and bring its facilities into ADA compliance, an order certifying the class she proposes and naming her as class representative and appointing her counsel as class counsel, payment of costs of suit, payment of reasonable attorney's fees and any other relief the Court deems just, equitable and appropriate. (Compl. at 9-10.)

On December 1, 2014, Defendant filed a motion to dismiss on the ground of standing (ECF No. 10). On December 22, 2014, Plaintiff filed a brief in opposition (ECF No. 14).

Defendant argues that: 1) Plaintiff lacks standing to raise claims as to locations she is unlikely to visit under the intent to return theory; and 2) her class allegations do not give her standing.[3]

Plaintiff responds that: 1) she has demonstrated standing with respect to the Subject

---

[3] Technically, it would appear that Defendant's motion is only a partial motion to dismiss, as it does not challenge Plaintiff's standing with respect to the Subject Property. Its proposed order would dismiss the allegations in paragraphs 19(b) through 19(g) and direct Plaintiff to file an Amended Complaint which would exclude the other Cracker Barrel locations, to which Defendant would respond within 14 days. Because Defendant's motion should be denied, the Court need not determine whether Defendant's approach to this case was procedurally appropriate.

3

Property under the intent to return theory; 2) she also satisfies the deterrent effect test based upon the barriers she has encountered at the Subject Property that impede her safe access thereto; and 3) the scope of her claims should be determined by application of Rule 23 and she does not have to visit every Cracker Barrel location to establish standing.

Standing

"A motion to dismiss for want to standing is … properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). The Court of Appeals has explained that:

> In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: "Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." Ballentine, 486 F.3d at 810 (citing Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)); see also Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim."). The Supreme Court most recently explained this standard in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009): "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955)….
>
> "A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). With respect to 12(b)(1) motions in particular, "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007).

In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243-44 (3d Cir. 2012).

The Supreme Court has held that:

> In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is

4

entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The standing requirement is born partly of "'an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government.'" Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (quoting Vander Jagt v. O'Neill, 699 F.2d 1166, 1178–1179 (C.A.D.C. 1982) (Bork, J., concurring)).

Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). The Court has explained that:

> In Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), we held that, to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envt'l Servs (TOC), Inc., 528 U.S. 167, 180-81 (2000). However, the manner in which standing must be supported depends upon the stage of the litigation at which the issue is raised: "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Defenders of Wildlife, 504 U.S. at 561 (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)).

ADA Title III

Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 128 (2005). Specifically, it requires "places of public accommodation" to "remove architectural barriers … in existing facilities … where such removal is readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv), and to "design and construct facilities for first occupancy [no] later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with

5

disabilities," § 12183(a). Places of public accommodation include "a restaurant, bar, or other establishment serving food or drink," § 12181(7)(B), and thus include Cracker Barrel. Failure to meet these requirements constitutes a violation of the ADA which may be enforced by individuals bringing suit for injunctive relief in federal court, § 12188(a).

"Under Title III of the ADA, private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." Anderson v. Macy's, Inc., 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013) (citation omitted). See 42 U.S.C. § 12188(a) (providing that the remedies available to individuals shall be those set forth in 42 U.S.C. § 2000a-3(a), which allows a private right of action only for injunctive relief for violations of Title II of the Civil Rights Act of 1964); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (noting that Title II allows for injunctive relief only).

Because the remedy for a private ADA Title III violation is injunctive relief, courts look beyond the alleged past violation and consider the possibility of future violations. Plaintiffs seeking prospective injunctive relief must demonstrate a "real and immediate threat" of injury in order to satisfy the "injury in fact" requirement of standing. Anderson, 943 F. Supp. 2d at 538 (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

<u>Intent to Return Theory</u>

Defendant contends that:

> In Title III ADA [c]ases in which disabled plaintiffs bring suit seeking an injunction to cure discriminatory practices, courts generally look to four factors to determine the likelihood of the plaintiff returning to the place of the alleged ADA violation, and therefore whether the threat of injury is concrete and particularized: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiffs past patronage; (3) the definitiveness of the plaintiff's plan to

6

return; and (4) the plaintiff's frequency of nearby travel." "The four-factor test is one of totality, and a finding in favor of [the plaintiff] does not require alignment of all four factors."

Anderson, 943 F. Supp. 2d at 539 (quoting Harty v. Burlington Coat Factory of Pa., L.L.C., 2011 WL 2415169, at *4, 7 (E.D. Pa. June 16, 2011)). Defendant essentially argues that the four-factor test applies in every case and that Plaintiff could only meet it with respect to the Subject Property. It is noted that this four-factor test has not been adopted by the Third Circuit, but it has been cited by many district courts.[4] See Garner v. VIST Bank, 2013 WL 6731903, at *5 (E.D. Pa. Dec. 20, 2013) (citing cases). But see Klaus v. Jonestown Bank & Trust Co. of Jonestown, 2013 WL 4079946, at *7 (M.D. Pa. Aug. 13, 2013) (describing four-part test as "rigid" and "unendorsed" by the Third Circuit, but finding that blind plaintiff who challenged ATMs met it anyway).

It is noted that no court of appeals has adopted the four-factor test. The Court of Appeals for the Eleventh Circuit observed that a district court had applied the four-factor test, but stated that these factors are "not exclusive and that no single factor is dispositive. District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1327, 1337 n.6 (11th Cir. 2013); see also Daniels v. Arcade, L.P., 477 F. App'x 125, 129 (4th Cir. 2012) (declining to adopt the four-factor test, which the court described as having "overly and unnecessarily complicate[d] the issue at hand."); D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1037-38 (9th Cir. 2008) (finding intent to return based on regularity of visits and stated intent but not proximity). Some courts have stated that the four-factor test is more appropriate to apply at the summary judgment stage, not on a motion to dismiss. See Brown v.

---

[4] This Court's research has not found any case from the Third Circuit discussing the issue of standing in an ADA Title III action.

Showboat Atlantic Propco, LLC, 2009 WL 690625, at *2 (D.N.J. Mar. 11, 2009); Wilson v. PFS LLC, 2006 WL 3841517, at *4 (S.D. Cal. Nov. 2, 2006).

Courts that have not adopted the four-factor test have cited the following three considerations regarding an intent to return for purposes of standing: 1) the plaintiff alleges past injury under the ADA (encountering some kind of barrier); 2) it is reasonable to infer from the complaint that the discriminatory treatment will continue; and 3) it is reasonable to infer from the complaint that, based on the plaintiff's past frequency of visits and the proximity of the defendant's place of business to the plaintiff's home, the plaintiff intends to return to this location in the future. Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) (legally blind patron who frequently visited restaurants near her home and did not receive "effective communication" of their menu options had standing to pursue claim). See also Chapman v. Pier 1 Imports, 631 F.3d 939, 948 (9th Cir. 2011); Disabled Americans for Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 62-63 (1st Cir. 2005).

The location at issue need not be near the plaintiff's home if she alleges a reason to return to the location. See Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137-38 (9th Cir. 2002) (plaintiff who traveled weekly to city 70 miles from where he lived to visit his grandmother and encountered architectural barriers at grocery store had standing to sue); D'Lil, 538 F.3d at 1037 (disabled plaintiff who expressed intent to return to Santa Barbara area—as she frequently did for both business and pleasure—and stay at Best Western Encina if barriers were removed established standing); Houston, 733 F.3d at 1340 (plaintiff who lived in next county but traveled frequently 30.5 miles to supermarket near his lawyer's office and encountered architectural barriers had standing); Kreisler v. Second Ave. Dining Corp., 731 F.3d 184, 188 (2d Cir. 2013) (standing requirements met when "it was reasonable to infer, based on the past

frequency of plaintiff's visits and the proximity of defendants' [place of public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location."); Camarillo, 518 F.3d at 158 (legally blind patron who alleged that she repeatedly was rebuffed when she asked to have menus read to her had standing to sue based on past experience, reasonable inference that it would continue and reasonable inference that she would return); Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co., 765 F.3d 1205, 1211-12 (10th Cir. 2014) ("CCDC") (plaintiff who submitted affidavit stating that she intended to return to store with barriers at least six times per year had standing to sue).

The Deterrent Effect Test

More recently, a number of courts have rejected the "intent to return" test for standing in ADA Title III cases in favor of a "deterrent effect test." Under this theory, a disabled individual suffers a cognizable injury if he is deterred from visiting a non-compliant public accommodation because he has encountered barriers to his disability there. Chapman, 631 F.3d at 950.

The deterrent effect test relies on the statement in the ADA that: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subsection does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1). See Kreisler, 731 F.3d at 188 (disabled plaintiff in wheelchair saw inaccessible entrance to diner and did not have to attempt to overcome it prior to bringing suit); Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1037-38 (9th Cir. 2008) (plaintiff showed "intent to return" to store 550 miles from home once barriers were removed, thus really a deterrent effect case); Disabled Americans for Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64-65 & n.7 (1st Cir. 2005) (wheelchair user did not have to engage in the futile and indeed hazardous gesture of attempting to board ferry that had no accessible ramps or bathrooms

9

to establish a cognizable injury); Frame v. City of Arlington, 657 F.3d 215, 235-36 & n.104 (5th Cir. 2011) (en banc) (in a Title II case, wheelchair users did not have to limit their claims to noncompliant sidewalks they had actually tried to use).

It is true that, even under the deterrent effect test, the plaintiff must still assert an intent to return to the particular place or places where the violations are alleged to be occurring and thus a plaintiff does not have standing at all of a defendant's facilities scattered over a vast area that she would not realistically visit. See Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074-75 (7th Cir. 2013) (plaintiff who lived in Illinois but who was injured by spring-closing bathroom door of hotel in Overland Park, Kansas, and who expressed an intent to return for a relative's wedding had standing with respect to that hotel, but not the 56 other Courtyard Marriott hotels that used the same spring-hinged door closers).

However, when a plaintiff has presented a class action complaint, the issue of standing is limited to the plaintiff's individual standing, not whether the plaintiff can challenge policies as they relate to a multitude of locations. Rather, that is an issue of class certification. As the Tenth Circuit recently observed:

> Abercrombie insists that our standing analysis does not end at the Park Meadows Mall. It argues that Ms. Farrar lacks standing to bring a claim for nationwide injunctive relief because she does not intend to visit every Hollister store with a porch—over 230 stores nationwide. We have no doubt that if Ms. Farrar were seeking a nationwide injunction in her own right, then she would lack standing to challenge accessibility barriers at stores she never intends to visit. Although the concepts of standing and adequacy of status to maintain a class action appear related, they are independent criteria and must be evaluated separately. See Hassine v. Jeffes, 846 F.2d 169, 175-76 (3d Cir. 1988). The question whether an injunction may properly extend to Hollister stores nationwide is answered by asking whether Ms. Farrar may serve as a representative of a class that seeks such relief. All that is necessary to answer this question is an application of Rule 23.

CCDC, 765 F.3d at 1212-13 (footnote and some citations omitted). See also Garner, 2013 WL 6731903, at *9 (plaintiff satisfied standing requirements with respect to the ATM he used and the

10

challenges to the remaining ATMs represented an issue of class certification, not standing).

Defendant argues that Plaintiff cannot utilize the deterrent effect test to raise class claims because she has not alleged a "single, common policy" but rather grade or slope issues at various Cracker Barrel locations. As noted above, however, Plaintiff has cited very similar issues at the named locations. In addition, Plaintiff responds that Defendant has confused the issue of her ability to function as a class representative—which is not before the Court at this time—with the issue of standing. Plaintiff is correct.

The Court concludes that Plaintiff has satisfied the requirements of standing, both under the intent to return test and under the deterrent effect test. She has encountered architectural barriers at the Subject Property and she has expressed an intent to return there even though the barriers remain.

With respect to other locations cited in the Complaint, Plaintiff does not have to visit them to establish standing. Rather, that is an issue of class certification, which is not before the Court at this time. Defendant relies on the Anderson case, but no class action was asserted therein and thus the plaintiff had to show actual injury at each named store. That is not the situation in this case.

For all the reasons cited above, it is recommended that the motion to dismiss filed by Defendant (ECF No. 10) be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by January 20, 2015. Any party opposing the objections shall file a response by February 3, 2015. Failure to file timely objections will waive the right of appeal.

Date: January 5, 2015

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge