IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH HEINZL, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 2:14-cv-1455<br>) |
| v. | ) Judge Mark R. Hornak<br>) |
| CRACKER BARREL OLD COUNTRY STORE, INC., | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

On October 27, 2014, Plaintiff Sarah Heinzl filed this action individually and on behalf of all others similarly situated against Defendant, Cracker Barrel Old County Stores, Inc. ("Cracker Barrel"), alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (ADA). Specifically, she alleges that the facilities at Cracker Barrel are not fully accessible to and independently usable by individuals who use wheelchairs for mobility, as she does, because of various barriers in the parking lot and along the route to the building entrance.

On December 1, 2014, Defendant filed a Partial Motion to Dismiss (ECF No. 10), in which it argued that Plaintiff lacks standing to raise claims as to locations she is unlikely to visit under the intent to return theory and that her class allegations do not give her standing. Plaintiff filed a Brief in Opposition on December 22, 2014.

On January 5, 2015, Magistrate Judge Robert C. Mitchell filed a Report and Recommendation (ECF No. 15), recommending that the Partial Motion to Dismiss be denied.

Service of the Report and Recommendation was made on the parties, and the Defendant filed Objections (ECF No. 16) on January 20, 2015. On February 6, 2015, Plaintiff filed a Response to

the Defendants' Objections (ECF No. 19). The Defendant filed a Reply to that Response on February 13, 2015 (ECF No. 23). The Court has considered all of those materials.

In its objections, Defendant contends for the first time that, pursuant to *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Court must decide the issue of class certification now, prior to addressing the issue of standing. It then proceeds to address this issue and argues that Plaintiff's class action allegations should be dismissed (even though Plaintiff has not filed a motion for class certification). As discussed below, Defendant's objections read as a brief in support of a motion to strike class action allegations under Federal Rule of Civil Procedure 23(d)(1)(D), when no such motion is pending before the Court.[1]

In response, Plaintiff argues that Defendant waived this argument by not addressing it in its opening brief and that it would be improper for the Court to decide the issue of class certification without the benefit of discovery and briefing. Because Plaintiff's second argument is availing, it is not necessary for the Court to address the waiver argument.

Plaintiff cites case law holding that, prior to rendering any class certification decision, the Court is required to engage in a "rigorous analysis" of the record, measured against the requirements of Fed. R. Civ. P. 23. *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 309 (3d Cir. 2009); *In re Mercedes-Benz Tele Aid Contract Litigation*, 257 F.R.D. 46, 54 (D.N.J. 2009) ("Certification is appropriate only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met. That analysis calls for findings by the court, not merely a threshold showing by a party, that each requirement of Rule 23 is met. In other words, to certify a class the

---

[1] In addition, Defendant makes a number of other observations mostly about procedural matters and primarily in a series of footnotes, which the Court does not find apt to the matters now before the Court. *See, e.g.*, ECF No. 16 at 1 n.1; *id.* at 3 n.2; *id.* at 7; *id.* at 10 n.9. In addition, on February 13, 2015, Defendant filed a reply brief (ECF No. 23), without seeking leave of the Magistrate Judge. Nonetheless, the Court has considered that reply brief.

2

district court must find that the evidence more likely than not establishes each fact necessary to meet the requirements of Rule 23.") (internal citations and quotation marks omitted). She contends that, by asking the Court to forego this "rigorous analysis," in favor of striking the class allegations from the Complaint without any evidentiary record, Defendant is seeking extraordinary relief which it has not justified.

A treatise on class actions states that "Rule 23(b)(2) authorizes class actions when all the prerequisites of Rule 23(a) have been met, and 'the party opposing the class acted or refused to act on grounds that apply to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Newberg on Class Actions* § 4:26 (5th ed. 2014) (quoting Fed. R. Civ. P. 23(b)(2)). Plaintiff also observes that our Court of Appeals has held that Rule 23(b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief. . . . What is important is that the relief sought by the named plaintiffs should benefit the entire class." *Baby Neal for and by Kramer v. Casey*, 43 F.3d 48, 58-59 (3d Cir. 1994). Rule 23(b)(2) "was designed specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons." *Id.* (internal quotation marks omitted). Moreover, as a procedural matter, Defendant has not filed a motion to strike class action allegations, and Plaintiff has not filed a motion for class certification.

Courts routinely reject preemptive motions to strike class allegations except in the rare case. This is true not only in cases seeking injunctive relief under Rule 23(b)(2), but even in cases for damages under Rule 23(b)(3). As this Court recently explained:

> courts grant motions to dismiss class allegations before class discovery only in the rare few cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. Thus, it is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions

3

under Rule 23, that a motion to strike class allegations should be granted. In other words, if it is possible that discovery could possibly demonstrate the viability of the class, a defendant's motion to strike class allegations should be denied.

*Swank v. Wal-Mart Stores, Inc.*, No. 13-01185, 2015 WL 1508403, at *2 (W.D. Pa. Mar. 31, 2015) (internal quotation marks, citations, and alterations omitted) (collecting cases).

Defendant argues that, based on the following passage of the district court's opinion in *Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003), this Court should dismiss Plaintiff's class claims now:

> This is a case, like *Ortiz*, in which certain issues of class certification are "logically antecedent" to those of standing. In particular, the Defendants' argument that Clark does not enjoy standing to assert claims on behalf of class members regarding restaurants that Clark has not visited, or in states Clark has not visited, is an issue that simply would not arise but for Clark's capacity as a putative class representative.

*Clark*, 213 F.R.D. at 204–05 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999)). But the "*Ortiz* exception" on which the *Clark* court relied actually stands for the proposition that, in certain cases, a court should go through the process of class certification before addressing the issue of Article III standing. The *Ortiz* Court explained:

> Ordinarily, of course, this or any other Article III court must be sure of its own jurisdiction before getting to the merits. But the class certification issues are ... logically antecedent to Article III concerns, and themselves pertain to statutory standing, which may properly be treated before Article III standing .... Thus the issue about Rule 23 certification should be treated first, mindful that the Rule's requirements must be interpreted in keeping with Article III constraints ...."

*Ortiz*, 527 U.S. at 831 (internal citations, alterations, and quotation marks omitted). The *Ortiz* Court relied on *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), in which the Supreme Court found that because "class certification issues are dispositive ... [and] because their resolution here is logically antecedent to the existence of any Article III issues, it is appropriate to reach them first." *Id.* at 612 (internal citations and quotations marks omitted).

4

The reason for proceeding through class certification determinations *before* addressing the issue of standing was explained by one district court as follows:

> As in *Ortiz*, the petitioners in *Amchem* challenged the standing of exposure-only class members prior to the certification of the class. The Supreme Court affirmed the Court of Appeals for the Third Circuit by stating that "because [the resolution of class certification issues] is logically antecedent to the existence of any Article III issues, it is appropriate to reach them first." *Amchem*, 521 U.S. at 612, 117 S.Ct. 2231.
>
> As in *Ortiz*, *Amchem* dealt with the standing of absent class members, not the named plaintiffs. Also as in *Ortiz*, a ruling in *Amchem* as to the standing of people who were not asserting claims against the defendants (the proposed class members) would have been illogical. Had the proposed class members become actual class members, then an inquiry into their standing to assert claims would become the next logical course of action.

*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 154 (E.D. Pa. 2009).

Furthermore, as cited in the Report and Recommendation, numerous courts, including the Court of Appeals for the Tenth Circuit, have held that in an ADA Title III class action situation, the court should first evaluate the named plaintiff's standing vis-à-vis the location she has visited and then determine class action certification as to other locations under Rule 23. *See Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1212–13 (10th Cir. 2014). As another member of this Court concluded:

> With respect to other locations cited in the First Amended Class Action Complaint, Plaintiff does not have to visit them to establish standing. Rather, that is an issue of class certification. Therefore, Defendants' argument about the scope of available injunctive relief based upon various stores that Plaintiff has not visited, goes to Plaintiff's ability to serve as a class representative, which is not ripe for disposition at this time.

*Mielo v. Giant Eagle, Inc.*, No. 14-964, 2014 WL 6850767, at *5 (W.D. Pa. Dec. 3, 2014); *see also Mielo v. Aurora Huts, LLC*, No. 14-1162, 2015 WL 106631, at *6 (W.D. Pa. Jan. 7, 2015); *Heinzl v. Boston Mkt. Corp.*, No. 14-997, 2014 WL 5803144, at *6 (W.D. Pa. Nov. 7, 2014) ("[W]hen a

plaintiff has presented a class action complaint, the issue of standing is limited to the plaintiff's individual standing, not whether the plaintiff can challenge policies as they relate to a multitude of locations.").

The Court declines the invitation proffered by the Defendant to strike the Plaintiff's class allegations now, particularly when it has not filed a motion to dismiss class action allegations,[2] Plaintiff has not filed a motion for class certification, little if any class discovery has been conducted and in the Court's estimation, there has not been the necessary record development as to this issue. Finally, the Court would note that it believes that it is appropriate to follow the prevailing approach of our sister courts in this Circuit, and strike all class allegations at the preemptive stage in only the "rare" case. *See Swank*, 2015 WL 1508403, at *2.[3]

AND NOW, this 24th day of April, 2015,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 10) is denied.

The Magistrate Judge's Report and Recommendation dated January 5, 2015 (ECF No. 15) is adopted as the Opinion of the Court, as supplemented by this Memorandum Order.

Mark R. Hornak
United States District Judge

cc: All counsel of record

---

[2] Which was the procedural posture in *Clark*, 213 F.R.D. at 202. The Court does not believe that it is appropriate to address such a consequential issue here when it is first raised at the "objections to the R&R" stage, on an incomplete record.

[3] To the extent Defendant's principal concern is the scope of forthcoming discovery, class or otherwise, nothing about this decision impedes the authority and responsibility of the Magistrate Judge in the first instance to regulate that discovery process, with vigor if necessary in the circumstances.