IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SARAH HEINZL, individually and on          )
behalf of all others similarly situated,   )
                    Plaintiff,             )
                                           )
        vs                                 )          Civil Action No. 2:14-cv-1455
                                           )
CRACKER BARREL OLD COUNTRY                 )
STORE, INC.,                               )
                    Defendant.             )

O R D E R

Plaintiff, Sarah Heinzl, brings this action individually and on behalf of all others similarly situated alleging that the facilities of Defendant, Cracker Barrel Old Country Store, Inc., are not fully accessible to and independently usable by individuals who use wheelchairs for mobility, as she does, because of various barriers in the parking lot and along the route to the building entrance, in violation of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (ADA). On June 15, 2015, Plaintiff and Defendant filed a joint motion for extension of time to complete discovery (ECF No. 50). On June 16, 2015, an order was entered, granting the motion in part and setting the following schedule: discovery to be completed by August 31, 2015, Plaintiff's motion for class certification due by September 30, 2015, Defendant's response due by October 31, 2015 and a hearing was set on the motion for November 18, 2015 (ECF No. 51).

On August 28, 2015, Plaintiff filed another motion for extension of time to complete discovery (ECF No. 52). On September 3, 2015, an order was entered granting this motion in part, as follows: discovery to be completed by October 15, 2015, Plaintiff's motion for class certification due by October 31, 2015, Defendant's response due by November 10, 2015 and a hearing was still set on the motion for November 18, 2015 (ECF No. 61). In addition, by

subsequent order, the Court scheduled a settlement conference for November 18, 2015, with the class action certification hearing to take place after the settlement conference, if necessary (ECF No. 69).

On September 4, 2015, at Plaintiff's request, the Court set a telephone conference for September 10, 2015 to discuss certain discovery matters. Then, on September 8, 2015, Defendant filed a motion for summary judgment (ECF No. 64), along with a brief in support (ECF No. 65), a concise statement of material facts (ECF No. 66) and an appendix thereto (ECF No. 67). In this motion, Defendant has contended that this case is moot because each and every ADA violation listed in the Complaint has been remedied. Nevertheless, Defendant's counsel has steadfastly refused to discuss the possibility of settling the case.[1] During the telephone conference on September 10, 2015, Plaintiff's counsel indicated that, although he was still reviewing Defendant's motion for summary judgment, it was likely that he would need to seek further discovery in order to respond to it. Counsel was directed to notify the Court whether Plaintiff would be responding to the motion for summary judgment substantively (that is, via a brief in opposition) or procedurally (that is, via a motion under Federal Rule of Civil Procedure 56(d)). Counsel subsequently telephoned Chambers and indicated that Plaintiff would be filing a Rule 56(d) motion, and the motion was filed on September 23, 2015.

Prior to this, however, on September 22, 2015, Defendant filed a motion to stay all other proceedings pending disposition of its motion for summary judgment (ECF No. 71), along with a brief in support thereof (ECF No. 72). On September 23, 2015, Plaintiff filed the following: a

---

[1] It is noted that every other case involving this Plaintiff filed prior to this one has ended in a settlement. See Civ. A. Nos. 14-205E, 14-891, 14-963, 14-979, 14-997, 14-1003, 14-1010, 14-1015, 14-1028, 14-1049, 14-1077, 14-1214, 14-1316, 14-1353, 14-1414.

motion for discovery under Rule 56(d) to respond to Defendant's motion for summary judgment (ECF No. 74), a brief in support thereof (ECF No. 75), a motion to compel discovery (ECF No. 76), a brief in support thereof (ECF No. 77), and a response in opposition to Defendant's motion to stay (ECF No. 78). Defendant filed a reply brief in support of its motion to stay on September 29, 2015 (ECF No. 81).

Motion to Stay

Defendant's motion to stay contends somewhat bizarrely that Plaintiff has never moved for class certification (ECF No. 71 ¶ 6; ECF No. 72 at 3), but as the procedural history above indicates, the motion has long been contemplated as part of the case: Plaintiff is scheduled to file such a motion once discovery is completed. Defendant contends that a request to stay pending a resolution of a motion requires the Court to "take a preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

The Court has therefore taken a "preliminary peek" at Defendant's motion for summary judgment, which presents certain facts as though they were undisputed, specifically, that it has remedied all of the ADA violations identified in the Complaint at seven Cracker Barrel facilities. (ECF No. 66 ¶¶ 6-12.) However, Defendant has not indicated that Plaintiff has stipulated to these facts and therefore they remain disputed at this time. See ECF No. 75 at 3 & n.1 (requesting time to evaluate Defendant's claims that the locations identified in the Complaint have in fact been remedied). Compare Bacon v. Walgreen Co., 2015 WL 1261408, at *4 (E.D.N.Y. Mar. 20, 2015) (in a case cited by Cracker Barrel, the court held that the plaintiff's

claim was moot because he did not contest the affidavit filed by a Walgreen's manager that the security sensors at the exit to the store were moved so that they were ADA compliant).

In addition, Plaintiff contends that she will suffer prejudice if discovery is delayed in that she continues to seek documents referred to by Defendant's corporate designee during his deposition that have not been produced, including third party assessments, internal assessments, and construction work orders. Plaintiff states that she has also served Defendant with a Third Set of Interrogatories and Requests for Production, seeking information not yet produced by Defendant despite its relevancy to this litigation.

Defendant replies that Plaintiff is seeking discovery for a "class that doesn't exist." This argument is circular, in that it assumes that Defendant's motion for summary judgment based on mootness should be granted. As noted above, this assumption is far from established. For these reasons, Defendant's motion does not appear to be "clearly meritorious."

Rule 56(d) Motion

The Court of Appeals has recognized that "district courts usually grant properly filed requests for discovery under Rule 56(d) 'as a matter of course,' whether the nonmovant's response to a summary judgment motion is characterized as a motion, affidavit, or declaration." Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015) (citation omitted)). "This is particularly true when there are discovery requests outstanding or where relevant facts are under control of the party moving for summary judgment." Id. (citation omitted).

Plaintiff requests additional discovery to respond to Defendant's motion, which asserts a voluntary cessation defense. Plaintiff contends that a defendant seeking to moot a plaintiff's case through assertion of such a defense must show that it is "absolutely clear that the challenged

conduct cannot reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000). This is a "formidable burden." Id. at 190. To determine whether a voluntary cessation of ADA violations has occurred, courts examine factors such as: (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1184 (11th Cir. 2007).

Plaintiff contends that the outstanding discovery is aimed at determining whether Defendant's actions constitute policies and practices or isolated events, whether Defendant has changed course permanently and whether Defendant has acknowledged liability. Defendant states that it intends to file a response to Plaintiff's motion for discovery under Rule 56(d), but nevertheless contends that it satisfies the Sheely test on the current discovery record (ECF No. 81 at 3 n.2). It makes this assertion even though it has not addressed the factors identified in that case. For example, it has not contended that its cessation was not undertaken to avoid liability. Compare Sheely, 505 F.3d at 1188 ("voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.");[2] Thomas v. Branch Banking & Trust Co., 32 F. Supp. 3d 1266, 1272 (N.D. Ga. 2014) (in a case cited by Cracker Barrel, the court found the action moot because, inter alia, the

---

[2] Defendant argues that Sheely is distinguishable because it involved conduct (preventing a service dog from entering an MRI facility) that "could easily be resumed" unlike the permanent changes to the parking lots that occurred here. However, it cites no authority for this distinction.

defendant demonstrated that it began its modifications prior to the plaintiff filing suit and completed the updates as part of that preexisting plan).

AND NOW, this 30th day of September, 2015,

IT IS HEREBY ORDERED that Defendant file a response to Plaintiff's motion to compel by October 7, 2015.

IT IS FURTHER ORDERED that Plaintiff's motion for Rule 56(d) discovery is granted, as follows: Plaintiff is allowed until October 31, 2015 to conduct discovery necessary to respond to Defendant's motion for summary judgment; Plaintiff's response to Defendant's motion for summary judgment is due by November 20, 2015; Defendant may file a reply brief by November 30, 2015.

IT IS FURTHER ORDERED that the motion to stay all other proceedings filed by Defendant is denied.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge