IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Case No. 2:14-cv-01455-RCM

SARAH HEINZL,
individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

CRACKER BARREL OLD COUNTRY STORE,
INC.,

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTER STATEMENT OF MATERIAL FACTS

Defendant, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), hereby submits its response to Plaintiff's Counter Statement of Material Facts, and in support, states as follows.

## I.    PLAINTIFF'S EXPERIENCE AT DEFENDANT'S STORES

1.    Denied.

2.    Denied. Since Plaintiff gave this testimony, she has moved to Arizona. *See* Pl's Response to Def's Concise St. of Mat. Facts In Support of Def's Mot. For Summ. J. (ECF 101 at ¶ 1) (denying that Heinzl currently lives in the Commonwealth of Pennsylvania).

3.    Denied. Plaintiff removed the braking apparatus from her wheelchair and her inability to independently exit her vehicle was due, at least in part, to Plaintiff's own actions. Deposition of Sarah Heinzl 30:4-7. *See* Dorsey Dep. 14:10-15:4; 74:17-75:4 (ECF 102-1); Wilson Dep. 17:23-18:13, 33:4-34:15 (ECF 102-1).

4.    Denied. Plaintiff removed the manufacturer-installed braking devices from her wheelchair before visiting the store and her inability to independently exit her vehicle was due to

*Heinzl v. Cracker Barrel Old Country Store, Inc.*
Case No. 2:14-cv-01455-RCM
Defendant's Response to Plaintiff's Counter Statement of Material Facts
Page 2

Plaintiff's own actions. *See* Heinzl Dep. 29:17-25–30:1-7 (ECF 102-1); Dorsey Dep. 14:10-15:4 (ECF 102-1); 74:17-75:4; Wilson Dep. 17:23-18:13, 33:4-34:15 (ECF 102-1).

5.    Admitted. However, Defendant denies any implication that Plaintiff's wheelchair difficulties were caused by the sloping issues at Defendant's parking lots. *See* Par. 4, *supra*.

6.    Denied. *See* Par. 4, *supra*.

7.    Denied. Plaintiff is a paid tester and her remuneration may well be the motive for her litigious efforts. *See* Second Deposition of Sarah Heinzl, 8:22-10:4 (ECF No. 102-7 at p. 30-32). Moreover, Plaintiff had no information relative to Defendant's ADA policies until *after* she filed suit so that could not have motivated her filing.

## II.    DEFENDANT'S ADA POLICIES AND PRACTICES

### A.    Defendant's ADA Maintenance Policies and Practices

8.    Denied. *See* Wilson Dep. 60:23-61:6 ("Yeah, there are a number of ways outside the formal process [the unit assessment process] that something might rise to the top" and "I'd like to say that yes, there is a fairly formal process regarding customer complaints that come to the home office."); s*ee* also Def's ADA Process Flow Chart at Exhibit A to Plaintiff's Memo of Law in Support of Plaintiff's Mot. for Class Cert., ECF 104-1 at p. 2; Dorsey Dep. 135:5-18 (defining formal process to mean annual expert inspections).

9.    Denied. Defendant hires ADA professionals as part of its systematic efforts to identify ADA issues at its stores, which it began doing in 2011, even before any lawsuit complaints. Employees alerted it to existing issues. *See, e.g.*, ECF No. 102-6 at pp 1309-1346.

10.    Denied. Elizabeth Wilson stated that they "might have" performed third-party assessments absent litigation, but could not remember for certain what they did before 2012 and

*Heinzl v. Cracker Barrel Old Country Store, Inc.*
Case No. 2:14-cv-01455-RCM
Defendant's Response to Plaintiff's Counter Statement of Material Facts
Page 3

ultimately stated that "I feel like we did but, again, I can't pinpoint to any specific incident or time." Wilson Dep. 30:23-31:15.

11.    Admitted.

12.    Denied.  Defendant's unit assessment form is a comprehensive unit assessment that includes issue spotting of any and all potential barriers to access under the ADA under the heading "ADA Assessment Needed."  Wilson Dep. 33:10-34:15.

13.    Admitted.

14.    Denied in part.  Defendant did not implement a revised ADA unit assessment because the results were not consistent and Defendant determined that it would be better served to rely on the assessments of qualified architects and/or engineers.  Wilson Dep. 21:11-21.

15.    Denied.  Facility Managers receive training regarding ADA issues at regular meetings as well as through significant on the job experience and background.  Dorsey Dep. 57:8-11 (ECF 102-1); Wilson Dep. 124:21-24 (ECF 102-1). *See also* Def's ADA PowerPoint Training Presentation, attached hereto at **Exhibit A**. Facility Managers use non-laser levels as necessary during the unit assessment process. Wilson Aff. n. 4.

16.    Denied.  The Facility Manager had already visually assessed the property in question and alerted Dan Sherfy to the problem.

17.    Denied.  Elizabeth Wilson did not know how soon before 6/19/12 that the facilities managers began checking for ADA compliance utilizing the unit assessment form with that date, but knew that they had been reviewing the units for as long as she could remember, that she had worked for Cracker Barrel for over 16 years, and that no one could give a complete history of changes made to the unit assessment form.  Wilson Dep. 27:8-28:24.

**B.     Defendant's ADA Construction and Renovation Procedures**

18.     Admitted.

19.     Admitted.

20.     Admitted.

**C.     Defendant's 97 Store Pre-ADA Compliance Initiative**

21.     Admitted.

22.     Admitted.

23.     Admitted.

**III.     PLAINTIFF'S INVESTIGATION OF DEFENDANT'S STORES**

24.     Denied.  Plaintiff's complaint has not demonstrated the alleged ineffectiveness of Defendant's maintenance practices and its construction and renovation procedures.

25.     Admitted.

26.     Admitted in part.  Defendant admits that Plaintiff's investigation *purports* to have identified 107 stores that allegedly contain barriers to access in violation of the ADA, but denies that Plaintiff's investigative findings or methodology are accurate.   Plaintiff provides no information as to the qualifications of its "investigators" or the methodology they used.  Further, Plaintiff's "investigative reports" fail to provide the dates on which the investigations took place. Photographic "snapshots" of strategically placed level slope readings alone do not establish that the overall slopes of the parking spaces in question failed to meet ADA requirements.

27.     Admitted in part.  Defendant admits that at some point after 2012 it had identified 29 of the same stores that Plaintiff identified as violating the ADA; however, because Defendant had already remediated 15 of the stores which Plaintiff's investigators subsequently identified as having been non-compliant (Store No's 10, 11, 12, 18, 23, 33, 53, 55, 75, 77, 79, 83, 87, 90, 92),

*Heinzl v. Cracker Barrel Old Country Store, Inc.*
Case No. 2:14-cv-01455-RCM
Defendant's Response to Plaintiff's Counter Statement of Material Facts
Page 5

Defendant denies the accuracy of Heinzl's investigator's methodology and findings.  *See* Def.' Exterior ADA Project List at **Ex. 5;** *Compare* Pl's App'x Vol's II and IV at ECF 102-2 and 102-4.

28.    Denied.  Defendant credits the third-party assessments conducted by qualified architects and engineers as accurate, but has not credited Plaintiff's investigators findings as accurate.

29.    Admitted.

30.    Admitted.

31.    Denied.  Plaintiff has not established that her investigator found the *same* violations in the *same* locations as did Defendant's experts.  *See infra* No. 33.

32.    Denied.  Plaintiff has not established that her investigator's findings are more accurate than the findings made by Defendant's qualified architects and/or engineers, and thus her conclusion that either remediation was not completed or that the properties must have fallen out of compliance is misplaced – it is just as possible that Plaintiff's assessments are inaccurate.

33.    Denied.  Plaintiff has not established that the same violations in the same locations were noted by both sets of surveys.  The Buck photographs indicate that a sign was not installed at the space just left of the Cracker Barrel sign, but the Carlson Lynch photographs show that a sign *was* installed in that space, indicating that Cracker Barrel had replaced missing signage in between the two inspections.

34.    Denied.  The investigation conducted by Plaintiff's counsel . . ." (Pl's Resp. in Opp. to Def's Mot. for Summ. Jt. (hereafter "Plaintiff's Response") at p. 7) is methodologically flawed.  For example, photographic "snapshots" of strategically placed level slope readings alone

*Heinzl v. Cracker Barrel Old Country Store, Inc.*
Case No. 2:14-cv-01455-RCM
Defendant's Response to Plaintiff's Counter Statement of Material Facts
Page 6

do not establish that the overall slopes of the parking spaces in question failed to meet ADA requirements.

35.    Admitted.

36.    Admitted in Part.  Defendant admits that the Pittsburgh store was built in compliance with the ADA, and that it subsequently identified and remediated barriers, but denies that those barriers impeded Plaintiff's ability to access the store. Plaintiff's own testimony is that she had removed the manufacturer-installed braking devices from her wheelchair before visiting the store at 200 Davis Boulevard in Pittsburgh.  Heinzl Dep. 29:17-25 – 30:1-7.  Consequently, her need for third party assistance to ambulate from her vehicle into her wheelchair was the result of her own actions, not those of Cracker Barrel.

37.    Admitted.  Defendant admits that permanently fixed architectural features, such as parking lots, are not permanent in that all man-made structures erode and change over time, but denies that as a matter of law, they are not considered "permanent."

38.    Admitted in part.  Defendant admits that permanently fixed architectural features, such as parking lots, are not permanent in that all man-made structures erode and change over time, but denies that as a matter of law, they are not considered "permanent."

39.    Admitted in part.  Defendant admits that the lawsuit called barriers to its attention, but denies that it would not have discovered and remediated those barriers anyway as part of its ongoing voluntary ADA compliance Plan (*see, e.g.*, Def.' Exterior ADA Project List at Ex. 5 to Wilson's Aff**;** *Compare* Pl's App'x Vol's II and IV at ECF 102-2 and 102-4 (showing that Cracker Barrel had scheduled 13 stores for remediation which Plaintiff's investigators allege to be non-compliant as part of this lawsuit (Store No's 4, 29, 61, 71, 85, 102, 114, 131, 133, 169, 223, 285, 371), or that Cracker Barrel would close the location, making remediation unnecessary

(*see e.g.*, E. Wilson Aff. at ¶ 15 (noting that Defendant closed its Charleston and WV stores after the lawsuit was filed).

40.    Admitted.

41.    Denied.  Defendant's voluntary ADA Compliance Plan continues unabated and Defendant has produced evidence that it has spent and budgeted millions of dollars and scheduled remediations through fiscal year 2017.  Dorsey Dep. 80:19-25; Wilson Aff. ¶ 10; *see also* Def.' Exterior ADA Project List at **Ex. 5** to Wilson Aff.

42.    Denied.   Plaintiff has admitted that "Defendant has procedures in place to construct and renovate its facilities so that they comply with the ADA."  *See* Counter Statement of Material Facts, ECF 102 at ¶ 18.

43.    Denied.  Defendant admits that the docket entries and associated dates speak for themselves, but denies all other allegations; Plaintiff has no evidence related to when Defendant began its remedial efforts or when its efforts were fully concluded.

44.    Denied. *See, e.g.*, Def.'s Exterior ADA Project List at Ex. 5 to Wilson's Aff**;** *Compare* Pl's App'x Vol's II and IV at ECF 102-2 and 102-4 (showing that Cracker Barrel had scheduled 13 stores for remediation which Plaintiff's investigators allege to be non-compliant as part of this lawsuit (Store No's 4, 29, 61, 71, 85, 102, 114, 131, 133, 169, 223, 285, 371).

45.    Denied.   Defendant's testimony referred to customer complaints documented through its complaint process, not lawsuits.  Wilson Dep. 61:2-12.

46.    Denied in part. Defendant does deny that its voluntary ADA Compliance Plan violates the ADA, but Defendant has admitted that the subject properties contained barriers to access that were in need of remediation, and the fact that it admits that it made those remediations constitutes such an admission as a matter of law.

*Heinzl v. Cracker Barrel Old Country Store, Inc.*
Case No. 2:14-cv-01455-RCM
Defendant's Response to Plaintiff's Counter Statement of Material Facts
Page 8

Respectfully submitted,

/s/ Laura L. Mall
Laura L. Mall, Esq.
Florida Bar No. 0160120
lmall@fordharrison.com
FORD & HARRISON LLP
1450 Centrepark Blvd., Suite 325
West Palm Beach, FL  33401
Telephone:  (561) 345-7504
Facsimile:  (561) 345-7501

Todd S. Aidman, Esq.
Florida Bar No. 173029
taidman@fordharrison.com
FORD & HARRISON LLP
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602-5133
Telephone:  (813) 261-7800
Facsimile:  (813) 261-7899

John E. Duvall, Esq.
Florida Bar No. 503932
jduvall@fordharrison.com
FORD & HARRISON LLP
225 Water Street, Suite 710
Jacksonville, Florida  32203
Telephone (904) 357-2000
Facsimile (904) 357-2001

Attorneys for Defendant

Nancy A. Walker, Esq.
Pennsylvania Bar No. 66816
nwalker@paisnerlitvin.com
PaisnerLitvin LLP
22 West Front Street
Media, Pennsylvania  19063
Telephone 215-735-2890
Facsimile:  215-735-2954

Local Counsel for Defendant.

*Heinzl v. Cracker Barrel Old Country Store, Inc.*
Case No. 2:14-cv-01455-RCM
Defendant's Response to Plaintiff's Counter Statement of Material Facts
Page 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2016, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

by e-mail to Plaintiff's counsel R. Bruce Carlson, Benjamin Sweet and Stephanie Goldin with

Carlson Lynch, Sweet & Kilpela, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA  15222.

/s/ Laura L. Mall
Laura L. Mall, Esq.
Florida Bar No. 0160120