**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SARAH HEINZL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC.,<br><br>Defendant. | Case No. 2:14-cv-001455-MRH-RCM<br><br>*Filed Electronically* |

**~~[PROPOSED]~~ JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

This matter came for hearing upon the Parties' application for approval of the Settlement as set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class; the Court having considered the Settlement Agreement; all papers filed, proceedings had, and all oral and written comments received regarding the proposed Settlement; the Court having reviewed the record in this Lawsuit; and good cause appearing,

IT IS HEREBY ORDERED, ADJUGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2. The Court has jurisdiction of the subject matter of the Lawsuit, the Class Representative, the Class Members, and the Defendant.

3. The Court finds that the distribution of the Notice to Class Members, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted best notice practicable under the circumstances to all Persons within the definition of the Class and fully met

the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the Notice to the Class was adequate.

4. The Court finds in favor of Settlement approval.

5. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, and finds that each of the releases and other terms, are fair, just, reasonable, and adequate to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. All of the Released Claims are dismissed with prejudice as to the Class Representative and the Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Judgment.

7. By this Judgment, the Class Representative shall release, relinquish, and discharge, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against Cracker Barrel that accrued at any time on, or prior to, the date of Final Approval for any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action for injunctive or declaratory relief based on any and all claims which are, or could have been raised, in the Lawsuit either individually or on a class-wide basis, or which arise out of, or are in any way related to the subject matter of the Lawsuit, including, but not limited to, any claims relating to the accessibility of Cracker Barrel's Parking Facilities in the United States and the adequacy of its ADA compliance policies and procedures to the extent they impact the provision of accessible parking facilities during the term of the Settlement Agreement.

8. This action is hereby dismissed in its entirety with prejudice.

9. Neither the Settlement Agreement nor any act performed or document executed pursuant to, or in furtherance of, the Settlement may be deemed to be or may be used as an admission of, or evidence of: (i) the validity of any Released Claim, or of any wrongdoing or liability of Cracker Barrel; or (ii) any fault or omission of Cracker Barrel in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

10. Cracker Barrel may file the Settlement Agreement and/or the Judgment from this Lawsuit in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Defendant has agreed to pay $830,000.00 for Class Counsel's reasonable attorneys' fees, future monitoring fees and allowable costs in this matter and have also agreed to pay $7,500.00 to the Class Representative as a Plaintiff incentive payment. The Court finds that the amount of fees and costs requested by Class Counsel and the Plaintiff incentive payment are fair and reasonable. Defendant is directed to make such payments in accordance with the terms of the Settlement Agreement.

12. The Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representative, the Class Members, and the Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

13. This document shall constitute a Judgment for the purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: Aug 10, 2017

Robert Mitchell
United States Magistrate Judge